# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) ALLEN GALBREATH,

            Plaintiff,

vs.

(2) THE CITY OF OKLAHOMA CITY, and

(3) KEVIN PARTON,

            Defendants.

Case No.: 11-CV-1336-HE

## AMENDED COMPLAINT

**COMES NOW**, Plaintiff Allen Galbreath, (hereinafter "Plaintiff" or "Galbreath"), and pursuant to Fed.R.Civ.P. 15(a)(1)(b), submits this Amended Complaint against the above named Defendants. Plaintiff would state as follows:

### I. Introduction

This is an action for the unlawful arrest of Allen Galbreath for disorderly conduct on June 7, 2010 by Oklahoma City Police Officer Kevin Parton ("Parton"). Parton arrested Galbreath for allegedly causing public alarm in violation of Oklahoma City Ordinance 30-81. Galbreath's speech, mannerisms and dress are traditionally associated with the female gender and express his identification with that gender, which is important to his identity. It is further clear that the message communicated by Galbreath's expression is well understood by others, which is evidenced by the fact that he was targeted and singled out by a caller and by Parton. Galbreath contends that Parton arrested him because his expressions do not conform to traditional gender stereotypes or mainstream tastes, in violation of his rights as secured by the First Amendment to the United States Constitution.

Further, the disorderly conduct ordinance itself is unconstitutionally void for vagueness and as applied by Parton in violation of the due process clause of the Fourteenth Amendment, and that ordinance is overly broad on its face and as applied by criminalizing conduct protected by the First Amendment. The arrest was negligent under state law, objectively unreasonable, and in violation of Galbreath's Fourth Amendment right to be free from unreasonable searches and seizures. Accordingly, the Governmental Tort Claims Act and Title 42, Section 1983 of the United States Code specifically authorize the present suit.

## II.   Parties, Jurisdiction and Venue

1. Galbreath is a resident and citizen of the State of Oklahoma and resides in Oklahoma County.

2. The City of Oklahoma City ("City") is a municipal corporation situated in Oklahoma City. At all times relevant hereto, the City employed Parton as an officer in its police department.

3. Parton is an employee of City employed through its police department. He is sued in his individual capacity under federal law.

4. The acts complained of herein occurred in Oklahoma County, making jurisdiction and venue proper. At all times relevant hereto, Parton was acting under color and authority of state law, and Plaintiff has timely complied with all requirements of the Oklahoma Governmental Tort Claims Act.

## III.   Statement of Facts

5. On the morning of June 7, 2010, Galbreath went across the street from his home to Goodholm Park to perform his morning exercises. Galbreath carried a pursue and went to the park in women's shoes that had a 2.5-inch heel.

6. Galbreath is 5'6 and 140 lbs. He is college educated, and he has routinely visited the park nearly every day for a number of years, and he intends to continue visiting the park in the future.

7. At 8:43 a.m., Parton was dispatched to Goodholm Park in response to a "suspicious subject."

8. At 8:50 a.m., Parton arrived at the park and approached Galbreath. Parton asked Galbreath what was going on. Galbreath told Parton that he was doing his morning exercises.

9. Parton then searched Galbreath's purse without permission to do so. Parton located an air pistol that Galbreath carried for protection. Parton then handcuffed Galbreath to search him for weapons.

10. After finding no weapons, Parton asked Galbreath if he had any legitimate purpose for being in the park. Galbreath again told Parton what he had already told him when Parton first asked.

11. Parton then ran a warrants check on Galbreath to search for outstanding warrants. Parton was unable to locate any outstanding warrants.

12. Parton then ran a check on Galbreath for any sexual criminal history. Parton was unable to locate any sexual criminal history.

13. Parton then arrested Galbreath based upon the following representation, taken verbatim from the arrest report:

> BASED ON MY OBSERVATION OF [GALBREATH], HIS LACK OF A LEGITIMATE PURPOSE FOR BEING IN THE PARK AND THE INITIAL CALLS FROM CITIZENS WHO WERE ALARMED BY [GALBREATH'S] PRESENCE, IT APPEARED THAT [GALBREATH] WAS CREATING A SUSPICIOUS SITUATION WITH UNNECESSARY RISK TO THE PUBLIC, BEING THE CHILDREN AND WOMEN IN THE PARK. THE FACT THE CITIZEN'S(sic) CALLED THE POLICE OUT OF CONCERN FOR [GALBREATH'S] BEHAVIOR IS EVIDENCE OF THEIR PUBLIC ALARM.

[GALBREATH] WAS PLACED UNDER ARREST FOR DISORDERLY CONDUCT.

14. The arrest was widely publicized by local media outlets and prompted numerous comments on the Internet.

15. The City of Oklahoma City prosecuted Galbreath for disorderly conduct in violation of Oklahoma City Ordinance No. 30-81. The City dropped the charge in September 2010.

16. Parton did not warn Galbreath that he was in violation of the disorderly conduct ordinance, which does not contain any scienter or state-of-mind requirement.

17. The arrest and prosecution has caused Galbreath to continually live in fear that he will be singled-out again and targeted for arrest by law enforcement based upon the Oklahoma City ordinance. This fear has chilled Galbreath's right to freedom of expression as protected by the First Amendment, and the City has not given him any assurance that he will not be arrested or prosecuted under the ordinance for the same or similar conduct in the future.

18. The trauma induced by this fear is so severe that Galbreath suffered a mental breakdown and required hospitalization.

19. Parton did not have probable cause to arrest Galbreath for any offense based on the facts set forth above.

20. Parton owed Galbreath a duty a reasonable care in the enforcement of ordinances enacted by the City of Oklahoma City, and no reasonable officer in Parton's position would believe that Galbreath was in violation of any law at the time of his arrest.

21. Nevertheless, Parton arrested Galbreath for disorderly conduct without probable cause in breach of the duty owed to Galbreath for which the City is liable under the Oklahoma Governmental Tort Claims Act.

22. The arrest of Galbreath lacked probable cause, was unlawful, objectively unreasonable, excessive, and unwarranted by the circumstances. Accordingly, the arrest of Galbreath deprived him of rights secured by the Fourth Amendment to the United States Constitution, actionable through 42 U.S.C. § 1983 for which Parton is liable in his individual capacity.

23. The City maintains an official policy embodied through Ordinance No. 30-81 which permits the arrest and prosecution of persons for disorderly conduct based solely upon the subjective opinion of third-parties.

24. Those suspected of violating the ordinance are not entitled to any warning or notice prior to arrest, and the ordinance does not contain a scienter or state-of-mind requirement.

25. Accordingly, the ordinance fails to provide relatively clear guidelines as to what conduct is prohibited, and there are no objective criteria that will minimize the possibility of arbitrary enforcement or assist in defining the sphere of prohibited conduct under the ordinance.

26. Consequently, Oklahoma City Ordinance 30-81 is not sufficiently definite to give fair notice to one who would avoid its sanctions, it is unconstitutionally void for vagueness on its face, and its application against Galbreath deprived him of procedural due process as required by the Fourteenth Amendment to the United States Constitution, actionable through 42 U.S.C. § 1983.

27. Galbreath has frequently visited the park in dress traditionally associated with the female gender to express his identification with that gender, and he intends to do so in the future. This association is important to his identity, and that association is well understood by others because men do not typically dress in women's clothing.

28. Galbreath has suffered an injury in fact through his arrest for disorderly conduct because of his association and expression of a feminine identity, and he continues to suffer from from the ordinance's chilling effect on his desire to continue to express his identity based upon the credible threat of future arrest and prosecution under the language of the ordinance.

29. The ordinance is both facially overbroad and as applied by Parton because it criminalizes expressive conduct that is protected by the First Amendment in violation of Galbreath's rights as secured by 42 U.S.C. § 1983.

30. **WHEREFORE**, all premises considered, Plaintiff respectfully requests the following relief:

A. A declaration that Oklahoma City Ordinance 30-81 is unconstitutionally void for vagueness on its face and as applied by Parton in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

B. A declaration that Oklahoma City Ordinance 30-81 is unconstitutionally overbroad on its face and as applied by Parton in violation of the right to freedom of expression as secured by the First Amendment to the United States Constitution;

C. An injunction prohibiting City from enforcing Ordinance 30-81;

D. A declaration that Defendant Parton's conduct as alleged herein violated the right of Mr. Galbreath to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution;

E. A declaration that Defendant Parton's conduct as alleged herein violated Mr. Galbreath's right to freedom of expression as secured by the First Amendment to the United States Constitution;

  F. An award of compensatory damages against City and Parton for depriving Mr. Galbreath of rights secured by the Constitution and laws of the United States;

  G. An award of compensatory damages against City for the negligent actions of Defendant Parton;

  H. An award of costs, including all reasonable attorney fees, pursuant to 42 U.S.C. § 1988 and any other applicable fee-shifting provision of law;

  I. All such other and further legal and equitable relief to which Plaintiff may be entitled under state and federal law.

            Respectfully submitted,

            BRYAN & TERRILL

            s/J. Spencer Bryan
            J. Spencer Bryan, OBA# 19419
            Steven J. Terrill, OBA# 20869
            BRYAN & TERRILL
            Mid-Continent Tower
            401 South Boston, Suite 2201
            Tulsa, Oklahoma 74103
            Tele: (918) 935-2777
            Fax: (918) 935-2778
            jsbryan@bryanterrill.com
            *Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 30, 2011, I electronically transmitted the forgoing instrument to the Clerk of the Court using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Jennifer Warren
jennifer.warren@okc.gov

Richard Clarke
richard.clarke@okc.gov

Steven J. Terrill
sjterrill@bryanterrill.com

                                      s/J. Spencer Bryan
                                      J. Spencer Bryan