# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLEN GALBREATH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-11-1336-HE |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF OKLAHOMA CITY, and | ) | |
| KEVIN PARTON, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF OKLAHOMA CITY'S
## MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INUNCTIVE RELIEF

COMES NOW, a Defendant, the City of Oklahoma City, and for its Motion to Dismiss Plaintiff's Claim for Injunctive Relief states as follows:

1.      On October 12, 2011, Plaintiff filed a Petition requesting that the Court enjoin Defendant City from enforcing Oklahoma City Municipal Ordinance 30-81. (See Plaintiff's Petition, paragraph 27, part B.)

2.      Defendant City filed an Answer and a Motion to Dismiss Plaintiff's Claim for Injunctive Relief on November 9, 2011. Defendant City acknowledges that by filing this Motion, its Motion to Dismiss filed on November 9, 2011 is now moot.

3.      Plaintiff filed an Amended Complaint on November 30, 2011. The Amended Complaint again requested that the Court enjoining Defendant City from

enforcing Oklahoma City Municipal Ordinance 30-81. (See Plaintiff's Amended Complaint, paragraph 30, part C).

4.      Oklahoma City Municipal Ordinance 30-81 states "A person is guilty of disorderly conduct, a Class "a" offense, when such person…causes public alarm without justification."

5.      Plaintiff is not entitled to the injunction he requests in his prayer for relief.

## ARGUMENT AND AUTHORITIES

### Plaintiff Fails to State a Claim for Injunctive Relief

Standing to seek an injunction requires the plaintiff to demonstrate that there is a case or controversy which justifies the equitable relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S.Ct. 1660, 1667 (1983). An injunction requires that there is both a likelihood of immediate and irreparable injury and that there is an inadequate remedy at law. *Id*. at 103 (quoting  *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974)). The injury or threat of injury to the plaintiff must be "real and immediate" and not merely hypothetical. *Id*. at 111.

The jurisdictional prerequisites to seeking injunctive relief are explained in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). There, the plaintiff sought both monetary and injunctive relief against the City of Los Angeles regarding its police department's use of chokeholds in arresting citizens. *Id*. at 97-98. The plaintiff claimed he had been unjustifiably subjected to the use of a chokehold which rendered him unconscious. *Id*. The United States Supreme Court reversed the grant of a preliminary injunction holding

that the plaintiff's allegations "failed to demonstrate a case or controversy with the City that would justify the equitable relief sought." *Id*. at 105.

The Court went on to state that the plaintiff's "standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds." *Id*. The mere fact that he was choked at some point in the past did not establish a "real and immediate threat" that he would again be stopped by an officer who would place him in a chokehold. *Id*. The Court noted that

> [a]bsent a sufficient likelihood that he will again be wronged in a similar way, Lyons is no more entitled to an injunction than any other citizen of Los Angeles; and a federal court may not entertain a claim by any or all citizens who no more than assert that certain practices of law enforcement officers are unconstitutional.

*Id*. at 111. Ultimately, the Court held that Lyons had not satisfied the prerequisites for injunctive relief and lacked standing to seek an injunction.

Like *Lyons*, the Plaintiff in this action is without a case or controversy that justifies equitable relief and he therefore lacks standing to seek an injunction. Plaintiff seeks to enjoin the enforcement of Municipal Ordinance 30-81, which asserts that a person is guilty of disorderly conduct when they cause public alarm without justification. Plaintiff's claim is based solely on his past arrest under this ordinance and in no way involves any threat of immediate, continuing or future injury. In *Lyons*, the threat that the plaintiff could again be stopped by law enforcement and placed in a chokehold was not sufficiently real or immediate to show an adequate controversy. Likewise, the threat that the Plaintiff in this case could again be subject to the enforcement of Oklahoma City

Municipal Ordinance 30-81 is not sufficiently real or immediate to establish standing to seek an injunction.

Plaintiff's Amended Complaint asserts that he intends to visit the park where the incident occurred in the future and that he suffers from a "chilling effect on his desire to continue to express his identity based upon the credible threat of future arrest." See Amended Complaint at ¶¶ 6 and 28. These allegations, however, do nothing to demonstrate a likelihood of immediate or irreparable future injury. As Plaintiff himself states, he has "routinely visited the park nearly every day for a number of years." Amended Complaint at ¶ 6. If Plaintiff was able to visit the park for a number of years without incident, it certainly cannot be said that he is *likely* to suffer some immediate injury sufficient to justify injunctive relief merely because he plans on going there again in the future. Like the Court explained in *Lyons*, the fact that the Plaintiff may have been injured at one point in the past "does nothing to establish a real and immediate threat that he would again" be subject to the same behavior. *Lyons*, 461 U.S. at 105.

Injunctive relief requires a likelihood of immediate and irreparable injury and not merely the possibility that an injury could take place at some point in the future. The notion that Plaintiff might again be subject to the same conduct causing his alleged injury is speculative at best and fails to establish a controversy justifying injunctive relief. Because Plaintiff cannot show that he will again be subject to Municipal Ordinance 30-81, he, like the plaintiff in *Lyons*, is no more entitled to an injunction than any other citizen. Additionally, Plaintiff has failed to demonstrate that he has an inadequate remedy

at law. The legality of the incident at issue and any alleged past injury suffered by

Plaintiff can be addressed in his claims for damages.


## CONCLUSION

Plaintiff fails to meet the jurisdictional perquisites necessary for seeking an

injunction of Municipal Ordinance 30-81 because there is no likelihood of an irreparable

injury and any alleged past injury can be adequately addressed through other remedies.

Plaintiff's claim fails to establish a case or controversy justifying equitable relief and he

lacks standing to seek the injunction. For reasons stated herein, Defendant City requests

that this Court dismiss Plaintiff's claim for injunctive relief.


Respectfully submitted,

KENNETH JORDAN
Municipal Counselor


By:    /s/ Jennifer M. Warren
       Richard C. Smith, OBA #8397
       Jennifer M. Warren, OBA# 30284
       Assistant Municipal Counselors
       200 North Walker, Suite 400
       Oklahoma City, Oklahoma  73102
       (405) 297-2451 Fax: (405) 297-3851
       Jennifer.Warren@okc.gov
       Attorneys for Defendant City

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 9th day of December, 2011, I electronically transmitted the attached Defendant City of Oklahoma City's Motion to Dismiss Plaintiff's Claim for Injunctive Relief to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:  J. Spencer Bryan and Steven J. Terrill, Bryan Terill PLLC, 401 South Boston, Suite 2201, Tulsa, Oklahoma, 74103, Attorneys for Plaintiff and Susan Knight and Stacey Haws Felkner, 211 North Robinson, Ste 800N, Oklahoma City, OK 73102, Attorney for Defendant Parton.


                    /s/ Jennifer M. Warren
                    Assistant Municipal Counselor