IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ALLEN GALBREATH,                          )
                                          )
                    Plaintiff,            )
vs.                                       )        NO.  CIV-11-1336-HE
                                          )
THE CITY OF OKLAHOMA CITY and             )
KEVIN PARTON,                             )
                                          )
                    Defendants.           )

## ORDER

Plaintiff Allen Galbreath sued the City of Oklahoma City and Oklahoma City police

officer Kevin Parton, alleging his arrest for disorderly conduct pursuant to Oklahoma City

Ordinance 30-81 violated his constitutional rights.  Plaintiff claims he was arrested because

"his expressions do not conform to traditional gender stereotypes or mainstream tastes."

Amended Complaint, p. 1. He contends the disorderly conduct ordinance is unconstitutional

on its face and as applied, and asserts claims under 42 U.S.C. § 1983 and the Oklahoma

Governmental Tort Claims Acts.  Plaintiff seeks damages and other relief, including an

injunction prohibiting the City from enforcing Ordinance 30-81.

The City has filed a motion to dismiss plaintiff's request for injunctive relief.[1]  It

claims he lacks standing to seek an injunction because he has not alleged that "he faces an

actual injury (whether from actual enforcement of the law of from self-censorship) due to a

credible threat of future prosecution."  City's reply, p. 2.

In considering the sufficiency of the complaint "[f]or purposes of ruling on a motion

---

[1]*The City's first motion to dismiss [Doc. #5] was mooted by plaintiff's amended complaint.*

to dismiss for want of standing, ... the trial ... court[] must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Ward v. Utah, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)). To be sufficient the complaint must do more than merely offer "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It must "raise a right to relief above the speculative level." *Id.* Considering plaintiff's claim for an injunction under this standard, the court concludes the City's motion to dismiss should be denied.

In his Amended Complaint plaintiff alleges the following. During the morning on June 7, 2010, plaintiff went to the park across from his house to perform his morning exercises, wearing women's shoes with a 2.5 inch heel and carrying a purse. He has routinely visited the park almost daily for a number of years and intends to continue doing so. At 8:43 a.m., defendant Parton was dispatched to the park in response to a report of a suspicious subject. When he arrived there at 8:50 a.m., Parton approached plaintiff and asked what was going on. Plaintiff explained he was doing his morning exercises. Parton then searched plaintiff's purse without permission and found an air pistol that plaintiff carried for protection. Parton handcuffed plaintiff and searched him for weapons, finding none. He asked plaintiff if he had a legitimate reason to be in the park and plaintiff replied that he was there to exercise. Parton ran two background checks on plaintiff and found neither any outstanding warrants nor any sexual criminal history. He then arrested plaintiff for disorderly conduct. The City prosecuted plaintiff for violating Ordinance 30-81, but subsequently dropped the charge.

2

The crime report provides in part:[2]

> ON 060710, AT APPROX. 0843 HOURS, I WAS DISPATCHED TO
> GOODHOLM PARK, AT 2701 N. ROBINSON, IN REFERENCE TO A
> SUSPICIOUS SUBJECT. THE SUBJECT WAS DISCRIBED AS A BLACK
> MALE THAT APPEARED TO BE INTOXICATED, WEARING HIGH
> HEELS, AND CARRYING A LARGE STICK. UPON MY ARRIVAL, AT
> APPROX. 0850 HOURS, I OBSERVED A SUBJECT MATCHING THIS
> DESCRIPTION ON THE NORTH SIDE OF THE TENNIS COURTS. THE
> SUBJECT WAS INDEED WEARING 2.5 INCH PUMPS AND CARRYING
> A LARGE WOODEN STICK.
>
> . . . .
>
> BASED ON MY OBSERVATION OF THE AR, HIS LACK OF A
> LEGITAMATE PURPOSE TO BE IN THE PARK AND THE INITIAL
> CALLS FROM CITIZENS WHO WERE ALARMED BY THE AR'S
> PRESENCE, IT APPEARED THAT THE AR WAS CREATING A
> SUSPICIOUS SITUATION WITH UNNECASSARY RISK TO THE
> PUBLIC, BEING THE CHILDREN AND WOMEN IN THE PARK. THE
> FACT THAT THE CITIZEN'S CALLED THE POLICE OUT OF CONCERN
> FOR THE AR'S BEHAVIOUR IS EVIDENCE OF THEIR PUBLIC ALARM.
> THE AR WAS PLACED UNDER ARREST FOR DISORDERLY
> CONDUCT.

City's reply, Exhibit 1.

Plaintiff asserts he was arrested "because of his association and expression of a feminine identity." Amended Complaint, ¶ 28. He alleges the arrest and prosecution have caused him to "continually live in fear that he will be singled-out again and targeted for arrest

---

[2]*Plaintiff quoted from the report in the complaint and defendant attached a copy to its reply brief. See Larson v. Agos, 2011 WL 5925624 at \*3 (10th Cir. 2011) (unpublished) ("[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. Furthermore, if a plaintiff does not incorporate by reference or attach such a document to its complaint, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.") (internal quotations and citations omitted).*

by law enforcement based upon the Oklahoma City ordinance." *Id. at* ¶ 17. He claims the fear has chilled his First Amendment right to freedom of expression and that "the City has not given him any assurance that he will not be arrested or prosecuted under the ordinance for the same or similar conduct in the future." *Id.*

Plaintiff also alleges that Ordinance 30-81 permits individuals to be arrested and prosecuted for disorderly conduct based solely upon the subjective opinion of third-parties. He asserts that the ordinance is unconstitutionally void for vagueness because it is not sufficiently definite to give fair notice to one who would avoid its sanctions. He alleges it "is both facially overbroad and as applied by Parton because it criminalizes expressive conduct that is protected by the First Amendment ...." Id. at ¶ 29.

The City contends that plaintiff lacks standing because there is an adequate remedy at law and "the threat that the Plaintiff in this case could again be subject to the enforcement of Oklahoma City Municipal Ordinance 30-81 is not sufficiently real or immediate." City's motion, pp. 3-4. The City argues that "Plaintiff was not arrested for wearing women's clothing and the behavior he intends to engage in is not proscribed by the statute," City's reply, p. 4, so it cannot have a have a chilling effect on the claimed protected activity.[3] The City also asserts that plaintiff has failed to allege that it "has shown any intention of prosecuting Plaintiff (or any other individuals who dress in clothing of the opposite gender) and any 'threat' of prosecution for engaging in such behavior is purely speculative." *Id.* at

---

[3]*The City notes in its reply brief that it does not concede that plaintiff's conduct is protected by the First Amendment.*

p. 5.

The general principles applicable to the standing issue are well established: the "'[p]laintiff[] must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions.'" Ward v. Utah, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). The plaintiff must show "'that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision.'" Id. (quoting Phelps v. Hamilton, 122 F.3d 1309, 1326 (10th Cir.1997)). In the context of a challenge to a statute on First Amendment grounds, a plaintiff "generally has standing if he or she alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder.'" Id. at 1267 (quoting Phelps, 122 F.3d 1326). He also has standing if, because he "faces a credible threat of future prosecution, [he] suffers from an 'ongoing injury resulting from the statute's chilling effect on his desire to exercise his First Amendment rights.'" Id. (quoting Wilson v. Stocker, 819 F.2d 943, 946 (10th Cir.1987)).

The ordinance plaintiff challenges does not expressly criminalize the wearing of clothing associating with the opposite gender. It is not "clearly applicable to ... plaintiff's conduct." Id. at 1269. However, plaintiff arguably engaged in protected activity and "was subsequently charged under the statute he now challenges." Id. While the City claims

plaintiff was not arrested for wearing women's clothing, at this stage of the proceeding the court must "accept [plaintiff's] allegations as true and construe them in his favor." *Id.* The facts pleaded, including the police report, are sufficient to demonstrate a plausible basis for plaintiff's claim that he was arrested because of his expressive conduct.[4] *See generally* Schirmer v. Nagode, 621 F.3d 581, 588 (7th Cir. 2010) (plaintiffs lacked standing as record before appellate court "show[ed] only an isolated misuse" of challenged statute).

As plaintiff asserts he intends to continue to express his identification with the female gender and in the absence of any "assurances that he will not be charged under the [ordinance] if he engages in future [cross-dressing]," Ward, 321 F.3d at 1268, the court concludes that plaintiff "faces a credible threat of future prosecution and suffers from an injury in the form of a 'chilling effect' on his desire to engage in First Amendment activities." *Id.* at 1269.

Accordingly, defendant's motion to dismiss [Doc. #13] plaintiff's claim for injunctive relief is denied.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4] *It is questionable whether plaintiff has demonstrated "more than a wholly speculative possibility of criminal consequences." Schirmer v. Nagode, 621 F.3d 581, 586 (7th Cir. 2010). The court recognizes "the need to maintain a delicate balance between adequately protecting First Amendment rights and avoiding unnecessary constitutional decisions." Id.*