# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLEN GALBREATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-1336-HE |
| | ) | |
| THE CITY OF OKLAHOMA CITY and | ) | |
| KEVIN PARTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Allen Galbreath was arrested for disorderly conduct one morning in an Oklahoma City park. He sued the arresting officer, Kevin Parton, and the City of Oklahoma City under 42 U.S.C. § 1983, asserting various constitutional claims. The officer was granted qualified immunity and the case went to trial on plaintiff's Fourteenth Amendment due process claim against the City. Plaintiff contended his arrest violated his due process rights because the municipal ordinance was unconstitutionally vague as applied to his behavior. He argued that the City's municipal ordinance failed to provide fair notice that his conduct was subject to punishment and also granted too much discretion to the arresting police officer. The jury returned a verdict in favor of the City and plaintiff filed a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b).

"'Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'" United States *ex rel.* MMS Const. & Paving, L.L.C. v. W. Sur. Co., 754 F.3d 1194, 1199 (10th Cir. 2014) (quoting Wilson v. Tulsa Junior Coll., 164 F.3d 534, 536 (10th Cir.1998)).

The court must "enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Id.* (internal quotation marks omitted). Applying this standard, the court concludes plaintiff's motion should be denied.

Because plaintiff claims the disorderly conduct ordinance is void for vagueness as applied, it is the application of the ordinance to plaintiff's specific behavior by Officer Parton that is reviewed. *See* United States v. LaHue, 261 F.3d 993, 1007 (10th Cir. 2001). Plaintiff abandoned an earlier challenge to the ordinance's facial validity and may not resurrect it here. The ordinance provides: "A person is guilty of disorderly conduct, a Class 'a' offense, when such person: . . . causes public alarm without justification." City of Oklahoma City, Ordinance No. 22210, § 30-81(b).

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." LaHue, 261 F.3d at 1005 (internal quotation marks omitted). Plaintiff contends the evidence at trial established that Oklahoma City Municipal Code § 30-81(b) violates the due process clause because it vests unlimited discretion to arrest in the arresting officer. "Fair notice," including the new fair notice argument in plaintiff's Rule 50 motion, was not properly preserved for review, as plaintiff limited his Rule 50(a) motion to the question of whether the ordinance vested unfettered discretion in the hands of the police. *See* Marshall v. Columbia Lea Reg'l Hosp., 474 F.3d 733, 738 (10th Cir.2007) (holding that a

"pre-verdict Rule 50(a) motion" is "a prerequisite to a post-verdict motion under Rule 50(b)").

"The degree of specificity which the Constitution demands depends on the nature of the statute." United States v. Gaudreau, 860 F.2d 357, 360 (10th Cir. 1988). "Criminal statutes must be more precise than civil statutes," and "the Constitution demands more clarity of laws which threaten to inhibit constitutionally protected conduct, especially conduct protected by the First Amendment." Id.[1] While the ordinance involved here could have been more narrowly drawn, the Supreme Court has recognized that

> [t]here are areas of human conduct where, by the nature of the problems presented, legislatures simply cannot establish standards with great precision. Control of the broad range of disorderly conduct that may inhibit a policeman in the performance of his official duties may be one such area, requiring as it does an on-the-spot assessment of the need to keep order.

Smith v. Goguen, 415 U.S. 566, 581 (1974). And "[a]s always, enforcement requires the exercise of some degree of police judgment . . . ." Grayned v. City of Rockford, 408 U.S. 104, 114 (1972).

Plaintiff focuses on the "without justification" prong of the ordinance.[2] He claims

---

[1]*As the Tenth Circuit noted, the ordinance lacks a scienter requirement. "'[A] scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed . . . .'" Gaudreau, 860 F.2d at 363 (quoting Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982)).*

[2]*Plaintiff's motion includes a statement of undisputed material facts in which he appears to challenge the term "public alarm" as applied to his behavior. However, as he did not raise that issue in his Fed.R.Civ.P. 50(a) motion and also failed to offer any argument on that point in his brief, the court will not address the issue. There was, though, sufficient evidence from which the jury could conclude that plaintiff's behavior in the park caused "public alarm."*

its "standardless requirement . . . that citizens 'justify' their conduct," Doc. #145, p. 16, fails under Kolender, 461 at 352. However, in Kolender the person arrested "mounted an attack on the facial validity" of the criminal statute. *Id.* at 355. The Court was not considering whether the statute was unconstitutionally vague as applied. *See* VIP of Berlin, LLC v. Town of Berlin, 593 F.3d 179, 189 (2d Cir. 2010) ("We have previously noted that [t]he evaluation of whether [a statute] ... is vague as applied to [a litigant] must be made with respect to [the litigant's] actual conduct and not with respect to hypothetical situations at the periphery of the [statute's] scope.") (internal quotation marks omitted). And contrary to plaintiff's assertion, the city ordinance is not completely without enforcement standards.

While the terms "public" and "alarm" and "without justification" are not defined and have not been construed by the Oklahoma courts, they are common, not obscure, terms, understandable by persons of ordinary intelligence. *See* American Heritage Dictionary 39 (5th ed. 2011) (defining "alarm" as "[s]udden fear or concern caused by the realization of danger or an impending setback"); Webster's Third New International Dictionary (2002) (defining "public" as "exposed to general view: conspicuous, open"); Black's Law Dictionary (9th ed. 2009) (defining "justification" as "[a] lawful or sufficient reason for one's acts or omissions"). Officer Parton also testified that he interpreted the ordinance using a reasonableness standard – a person violated the statute if his or her behavior caused public alarm without a reasonable explanation. Doc. #145-1, pp. 32-33. Several courts have concluded that, "[i]n addition to a statute's plain meaning and stated purpose, courts should determine whether a statute provides sufficiently clear enforcement standards by analyzing

4

'perhaps to some degree ... the interpretation of the statute given by those charged with enforcing it.'" VIP of Berlin,, 593 F.3d at192 (quoting Grayned, 408 U.S. at 110). In this instance, the language of the ordinance, combined with the officer's use of a reasonableness standard, limited the amount of enforcement discretion exercised.

In considering whether judgment as a matter of law is warranted, the court cannot "weigh the evidence, pass on the credibility of the witnesses, or substitute [its] conclusions for that of the jury." MMS Const. & Paving, 754 F.3d at 1199 (internal quotation marks omitted). It must view the evidence and inferences from it in the light most favorable to the defendant. *Id.* Officer Parton was dispatched to a city park in response to a 911 call. The officer testified that when he arrived he encountered plaintiff, who was wearing high heels and was singing or humming as he was raising and twirling a large stick and spinning. Doc. #145-1, p. 49. He described plaintiff as being unsteady on his feet and his singing as incoherent. *Id.* at pp. 58, 59. The officer stated he also observed a woman in the playground area with children. He said she appeared to be "kind of standing like standing guard" and was perhaps keeping one child "at bay." *Id.* at p. 52. He testified that some of the other kids appeared to be watchful, "[n]ot like kids just playing in a park." *Id*. at pp. 52-53. The officer stated that when he asked plaintiff what he was doing he said he was doing his exercises. According to the officer, plaintiff further explained that he came to the park to ask "academic type questions" of the children in the park and that he would give them candy if they got the answers right.

Plaintiff asserts that the "testimony of Parton confirmed that Plaintiff had justification

in fact for his conduct." Doc. #145, p. 17. What Parton's testimony confirmed was that plaintiff offered an explanation for his conduct – that he was exercising – which Officer Parton explained might have satisfied the justification requirement of the ordinance. However, the officer was not obliged to accept plaintiff's explanation or to conclude it was reasonable or credible in light of all the circumstances.[3]

The court concludes there was sufficient evidence from which the jury could conclude that the explanation offered by plaintiff was not reasonable under the circumstances. In other words, the evidence was sufficient to support a finding that plaintiff's behavior was without justification and therefore Officer Parton did not violate plaintiff's due process rights when he arrested him for violating the ordinance. *See* United States v. Hunter, 663 F.3d 1136 (10th Cir. 2011); VIP of Berlin, 593 F.3d at 191-93; *see generally* Colten v. Kentucky, 407 U.S. 104 (1972) (disorderly conduct statute upheld against a facial challenge). While a different conclusion might have been reached, the court cannot say that the evidence points but one way. *See id.* at 191 (Despite a lack of clear enforcement standards a statute may withstand an as applied challenge if "the conduct at issue falls within the core of the statute's prohibition, so that the enforcement before the court was not the result of the unfettered

---

[3]*In this regard, the court notes that several times in his brief plaintiff construes the evidence in his favor, rather than defendant's. For example, he asserts that "Parton admitted that he never perceived Galbreath as a threat, and that whatever Galbreath was doing with his cane was never viewed as something aggressive, or anything directed at Parton." Doc. #145, p. 8. What the officer said in response to being asked whether plaintiff was moving the stick indiscriminately or as part of some choreographed exercise was: "All I can say is it wasn't aggressive in nature towards me. I didn't actively perceive him as a threat from the distance that we were. And once he complied with putting the stick down then we were fine." Doc. #145-1, p. 31.*

latitude that law enforcement officers and factfinders might have in other, hypothetical applications of the statute.") (quoting Farrell v. Burke, 449 F.3d 470, 494 (2d Cir.2006)).

Accordingly, plaintiff's motion for judgment as a matter of law [Doc. #145] is denied.

**IT IS SO ORDERED**.

Dated this 18th day of February, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE